## Polish Beneficial Association v. Dungan

*C. Laurence Cushmore, Jr.,* for petitioner.

*F. Curtis Davis,* for respondent.

GRIFFITHS, J., February 16, 1962.—Petitioner, Norman L. Levin, purchaser at sheriff's sale, deposited

$600 with the sheriff at the sheriff's sale of premises 2018 North Front Street, Philadelphia.

Execution issued by virtue of a bond and warrant of attorney, accompanying the mortgage. It subsequently developed that the obligor on the bond departed this life subsequent to the entry of judgment and prior to the sheriff's sale.

The question before the court is whether execution can issue against the real estate of the deceased obligor without first complying with section 607(a) of the Fiduciaries Act of April 18, 1949, P. L. 512, or, stated another way, whether these proceedings are within the purview of subsection (b) of section 607, whereby they are exempt from requirements of section 607. It is admitted that there has been no agreement by the personal representative in writing and that there has been no prior approval of the orphans' court allowing the execution.

The rule presently before us is upon plaintiff and executrix under the will of the deceased real owner to show cause why the sheriff's sale should not be set aside and the deposit of $600 paid by the purchaser returned to him by the sheriff.

Subsection (b) provides as follows:

"*When Allowed.* The restrictions of subsection (a) shall not apply to actions or proceedings to enforce mortgages, ground rents, pledges, or conditional sales on real or personal property."

This subsection is, in effect, an addition to section 15(i) of the Fiduciaries Act of June 7, 1917, P. L. 447. In effect, therefore, an agreement from the personal representative or approval of the orphans' court is not necessary if this action is considered a proceeding to enforce a mortgage.

The bond is the principal obligation. The mortgage is merely security for payment of the obligation. This suit has been brought upon the bond. Execution has in

fact been issued against the property mortgaged. Execution, however, need not necessarily have been issued against the mortgaged property, but could have been issued against any other real or personal property of the obligor, and still may be now that the obligor is deceased, provided proper approval is first obtained. If this were an action to enforce a mortgage, a complaint would have been filed under Pa. R. C. P. Rule 1141, et seq., respecting actions of mortgage foreclosure. Such, however, was not the case here.

The Statutory Construction Act of May 28, 1937, P. L. 1019, provides, in part, as follows:

"When the words of a law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit": 46 PS §551.

The language of section 607(b) of the Fiduciaries Act is clear and free from ambiguity. While it is generally known that many mortgages are "foreclosed" by suing out on the bond and warrant of attorney, proceeding under the bond clearly is one action and a mortgage foreclosure just as clearly is another action in our legal procedure. We cannot commingle the two nor deem both to be proceedings to enforce a mortgage. Section 607(b) limits the exemption to proceedings to foreclose a mortgage, and we must so hold.

Under the circumstances, it is proper that the $600 deposit be returned to the purchaser, as unclouded title, represented as sold, cannot in fact be conveyed to him. Wherefore, we enter the following:

### Order

And now, February 16, 1962, the rule heretofore allowed is made absolute, the sheriff's sale held on December 4, 1961, of premises 2018 North Front Street, Philadelphia, is set aside and the sheriff of Philadelphia is directed to return the deposit of $600 to the purchaser, Norman L. Levin.